**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 10-CR-30034-WDS |
| | ) | |
| KENNETH J. LEE, d/b/a Corporate | ) | |
| Enterprises Land Trust, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's response (Doc. 53)[1] to the Court's Order of garnishment (Doc. 20). The government has filed a reply to the response. The government initially filed an application for Writ of Garnishment as to Commercial Bank on May 9, 2012 (Doc. 19). The writ was issued on May 9, 2012 (Doc. 21). A petition for revocation of defendant's supervised release was filed on May 11, 2012 and an ex parte Order for the defendant's arrest was issued on May 11, 2012 (Doc. 25). As part of the revocation petition, the government asserts that between August 2009 and December, 2010, the defendant opened seven lines of credit (credit cards) without the prior approval of the probation officer. In addition, the defendant obtained a line of credit and a checking account with Commercial Bank, the subject of the garnishment order in this case.

As part of his sentence imposed in the Eastern District of Missouri,[2] on his convictions for mail fraud and failure to file tax returns, the defendant was ordered to serve a term of imprisonment

---

[1] The defendant's pleading is entitled a "reply" and government's a "response."

[2] This Court has jurisdiction over the defendant and this matter pursuant to a transfer of jurisdiction from the Eastern District of Missouri

of 41 months on Count 1 and 12 months on Count 2 to be served concurrently with each other. In addition, the defendant was ordered to pay restitution in the amount of $586,746.79. (See, Doc. 3-2, Amended Judgment and Commitment Order).

In his response to the garnishment, the defendant asserts that the garnishee bank, Commercial Bank of Missouri, has identified $48,996.40 in the corporate account and $292.07 in defendant's personal account. The defendant identifies the monies in these accounts as wire transfers from intended buyers of goods which are in the defendant's possession. The defendant asserts that therefore, the funds in that corporate account are not related to the activities of the original criminal offense, and should not be subject to garnishment. In addition, he asserts that the corporate customers should be refunded in full with the amounts of their wire transfer down payments. Finally, the defendant asserts that the funds held by the garnishee bank are not held in his name alone.

In reply, the government asserts that although the corporate account is set up as a trust. Kenneth Lee is the only trustee and the only owner/signer on the account. A review of bank statements for this account reveals that Lee paid personal expenses out of the account, made cash payments and transfers of money from the corporate account into his personal account. In addition payments on a Cadillac Escalade sold to Lee and another business, Liaison REI, were made from the corporate account in question.

It is the government's position that the corporate account has been used by the defendant as a personal account, was not disclosed to the government, is not a trust account in any traditional sense, the money was not held or used for the benefit of any third parties, nor were the monies designated as belonging to any third parties. Therefore, the government asserts that this account is subject to garnishment for payment of outstanding monetary penalties, and that no money should

be returned to the defendant.

The government is entitled to enforce restitution "against all property or rights to property of the person fined." 18 U.S.C. § 3613(a). The government can use civil garnishment as a postjudgment remedy within an underlying criminal case. See, *United States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010); *United States v. Kollintzas*, 501 F.3d 796, 800–01 (7th Cir.2007). The purpose of garnishment is to hold funds to prevent loss or dissipation of assets. See, Thomas J. Goger, Annotation, *Liability of Creditor for Excessive Attachment or Garnishment*, 56 A.L.R.3d 493 (1974).

The Under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205 et seq., the government is authorized to issue writs of garnishment to any person in "possession, custody or control" of property "in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a). Moreover:

> The FDCPA provides that the availability of proceedings, such as garnishment proceedings, as a mechanism for collecting debts "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." 28 U.S.C. § 3003(b)(2). In addition, pursuant to 18 U.S.C. § 3613(a) and (f) of the FDCPA, the United States is authorized to enforce a judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f); see also e.g., United States v. Hosking, 567 F.3d 329, 334-35 (7th Cir.2009).

*Meux*, 597 F.3d at 837. Once restitution is ordered, all of the defendant's property becomes subject to a lien. *Id.* In addition, "Liens based on restitution orders 'are treated like tax liens ... so that they are "effective against every interest in property accorded a taxpayer by state law...."'" *Meux*, 597 F.,3d at 837, (*citing United States v. Kollintzas*, 501 F.3d 796, 802 (7th Cir.2007) (*quoting in part*

*United States v. Denlinger*, 982 F.2d 233, 235 (7th Cir.1992)).

In this case, the property subject to the garnishment writ, the Commercial Bank corporate account, is not an exempt property as identified by the statute,[3] and is, therefore, fully subject to garnishment to satisfy the restitution amount ordered by the Eastern District of Missouri.

Accordingly, the Court **FINDS** that the money subject to the writ of garnishment shall be turned over to the United States for partial satisfaction of the restitution amount.

**IT IS SO ORDERED.**

**DATE 19 July, 2012**

                                              **/s/ WILLIAM D. STIEHL**
                                                 **DISTRICT JUDGE**

---

[3] The defendant does not, nor given the nature of this account could he, argue that the money held in the corporate account qualifies for an exemption.