FILED
JUL 20 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

# UNITED STATES DISTRICT COURT
Southern District of Illinois

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
| --- | --- |
| v. | (For **Revocation** of Probation or Supervised Release) |

| KENNETH LEE | Case No. | 3:10-CR-30034-001-WDS |
| --- | --- | --- |
| | USM No. | 32790-044 |

Phillip J. Kavanaugh, III
Defendant's Attorney

**THE DEFENDANT:**

☒ admitted guilt to violation of condition(s)    as stated below    of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
| --- | --- | --- |
| Statutory | Between August 2009 and December 2010, defendant committed the offense of false statements, in that he obtained credit cards using a second Social Security Number | |
| | Defendant committed the offense of Speeding | 09/07/2009 |
| | | 09/11/2010 |
| | | 04/01/2011 |
| | Defendant committed the offense of false statements in that he denied being questioned by law enforcement (CONTINUED ON NEXT PAGE) | 10/05/2010 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| Last Four Digits of Defendant's Soc. Sec. No.: | 6196 | July 19, 2012 |
| --- | --- | --- |
| | | Date of Imposition of Judgment |
| Defendant's Year of Birth: | 1962 | /s/ William D. Stiehl |
| | | Signature of Judge |
| City and State of Defendant's Residence: | | |
| Glen Carbon, IL 62034 | | WILLIAM D. STIEHL, DISTRICT JUDGE |
| | | Name and Title of Judge |
| | | 20 July 2012 |
| | | Date |

DEFENDANT: KENNETH LEE
CASE NUMBER: 3:10-CR-30034-001-WDS

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| Statutory (cont'd) | Defendant committed the offense of false statements, in that he denied being questioned by law enforcement | 05/05/2011 |
| Statutory | Defendant committed the offense of attempted identity theft | 10/12/2010 |
| | Defendant committed the offense of false statements, in that he provided false information regarding his lines of credit and a checking account during a financial investigation | 03/01/2011 |
| | Defendant committed the offense of False Statements on his monthly written reports forms, by not listing expenditures over $500.00 during the following months: May, June, August, September, October, November, December of 2009; January, February, April, May, June, July, August, September, October, November and December of 2010; January, March, April, May, June, July, August, September, November, and December 2011 and January, February, and March of 2012 | |
| Standard | Defendant failed to pay the restitution ordered by the Court according to his Schedule of Payments during the following months: June, July, September, October, November and December of 2009, January, February, March and May of 2010 | |
| Standard #1 | On 09/03/2009 through 09/05/2009 defendant left the judicial district without prior approval of the Court or the probation officer and traveled to Kansas City | |
| | Defendant left the judicial district without prior approval of the Court or probation officer and traveled to Warrenton, MO | 11/07/2009 |
| | On February 12, 2010 through February 14, 2010, the defendant left the judicial district without prior approval of the Court or probation officer, and traveled to the Lake of the Ozarks, Missouri | |
| | Defendant left the judicial district without prior approval of the Court or probation officer and traveled to Chicago, Illinois | 09/05/2010 |
| | Defendant left the judicial district without prior approval of the Court or probation officer and traveled to Chicago, Illinois | 10/12/2010 |
| | Defendant left the judicial district without prior approval of the Court or probation officer, and traveled to Cincinnati, Ohio | 10/22/2010 |
| | Defendant left the judicial district without prior approval of the Court or probation officer, and traveled to the Lake of the Ozarks, Missouri | 04/08/2011 |
| | Defendant left the judicial district without prior approval of the Court or probation officer and traveled to the Lake of the Ozarks, Missouri | 07/04/2011 |
| | Defendant left the judicial district without prior approval of the Court or probation officer and traveled to Springfield, Illinois | 01/31/2012 |

(CONTINUED ON NEXT PAGE)

DEFENDANT: KENNETH LEE
CASE NUMBER: 3:10-CR-30034-001-WDS

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| Standard #2 | Defendant failed to submit a written report within the first five days of the month for the months of August 2009 and June 2010 | |
| Standard #6 | Defendant admitted to changing his residence without notifying the probation officer | 05/28/2010 |
| Standard #11 | Defendant failed to notify his probation officer within 72 hours in that on September 7, 2009, September 11, 2010, and April 1, 2011, he was questioned for speeding | |
| Special | Defendant opened a line of credit with Sears/Citi Bank North America without prior approval of the probation officer | August 2009 |
| | Defendant opened a line of credit with American Express without the prior approval of the probation officer | March 2010 |
| | Defendant opened a line of credit with Capital One without the prior approval of the probation officer | April 2010 |
| | Defendant opened a line of credit with General Electric Capital Retail Bank without the prior approval of the probation officer | May 2010 |
| | Defendant opened a line of credit with Capital One without the prior approval of the probation officer | August 2010 |
| | Defendant opened a line of credit with Discover Financial Services without the prior approval of the probation officer | December 2010 |
| | Defendant opened a line of credit with American Express without the prior approval of the probation officer | December 2010 |
| | Defendant incurred new credit charges without the prior approval of the probation officer during the following months: May, June, July, August, September, October, November and December of 2009; January, February, March, April, May, June, July, August, September, October, November and December of 2010, January, February, March, April, May, June, July, August, September, October, November and December of 2011, and January, February, and March of 2012 | |

AO 245D Case 3:10-cr-30034-SMY   Document 57   Filed 07/20/12   Page 4 of 6   Page ID #177
(Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page 4 of 6

DEFENDANT: KENNETH LEE
CASE NUMBER: 3:10-CR-30034-001-WDS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of:

    18 MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KENNETH LEE
CASE NUMBER: 3:10-CR-30034-001-WDS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
2 YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 6 of 6

DEFENDANT: KENNETH LEE
CASE NUMBER: 3:10-CR-30034-001-WDS

## ADDITIONAL SUPERVISED RELEASE TERMS

All original statutory, standard and special conditions of supervised release shall apply.

The defendant shall submit his person, residence, real property, place of business, computer, electronic communication and data storage device or media, vehicle, and any other property under his control to a search, conducted by any United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.

The defendant shall permit the probation officer to have access to any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail. The defendant shall also allow the probation officer or designee to conduct regular searches of his computer and/or other electrical devices, using software monitoring devices if determined necessary by the probation officer. While on supervised release, the defendant shall advise the probation officer of all e-mail addresses he uses on both public and private computers. The defendant shall consent to a third-party disclosure to any employer or any potential employer concerning any computer-related restrictions that may be imposed. The defendant shall warn other residents or occupants of his home that computer systems will be subject to inspection by the probation officer and/or authorized contractor.